UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS DAVIS,

Plaintiff,

v.

COMERICA BANK,

Defendant.
______________________________/

Case No. 1:26-cv-1466

HON. JANE M. BECKERING

# OPINION AND ORDER

Plaintiff filed an action against Defendant in Muskegon County Circuit Court seeking, among other relief, a temporary restraining order (TRO) and a preliminary injunction (ECF No 1-1). Defendant removed the case to this Court under 28 U.S.C. §§ 1332 and 1441 (ECF No. 1 at PageID.2). The Court denied Plaintiff's request for a TRO (ECF No. 3). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that the Court deny Plaintiff's request for a preliminary injunction (R&R, ECF No. 11 at 97). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Pl.'s Objs., ECF No. 16). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

*Objection No. 1*. Plaintiff argues that "[t]he Report and Recommendation erroneously states that it is 'unclear' whether a foreclosure is pending or has occurred" (Pl.'s Objs., ECF No.

16 at PageID.141). In support, Plaintiff points to several places in the record indicating that a foreclosure sale occurred in November 2023 (*id.* at PageID.142). Nonetheless, the Magistrate Judge did not err as Plaintiff claims in Objection No. 1. As the Magistrate Judge notes, "Plaintiff alleges in his complaint that 'Defendant has initiated or intends to initiate foreclosure proceedings . . ." (R&R, ECF No. 11 at PageID.95 n.1 (citing ECF No. 1-1 at PageID.11)). The Magistrate Judge also quoted the request for relief in Plaintiff's complaint, which asked the Court "to prevent 'Defendant from proceeding with any foreclosure sale until this matter is resolved on the merits'" (*id.* at PageID.93–94 (citing ECF No. 1-1 at PageID.12)). Hence, although other portions of the record may suggest that a foreclosure sale occurred in November 2023, the Magistrate Judge correctly found the record unclear given other allegations in the complaint suggesting that a foreclosure had not occurred. This objection is denied.

*Objection No. 2*. Plaintiff asserts that "[t]he Magistrate Judge failed to liberally construe Plaintiff's pro se pleadings as required by law" (Pl.'s Objs., ECF No. 16 at PageID.142). Plaintiff further claims that "[t]he Magistrate Judge was required to accept [Plaintiff's] allegations as true at this stage and view the facts in the light most favorable to Plaintiff" (*id.*). To be sure, if Defendant had moved to dismiss Plaintiff's complaint for failure to state a claim, the Court would be required to liberally construe Plaintiff's pleadings because he proceeds pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the Magistrate Judge addressed Plaintiff's request for a preliminary injunction, for which the standard is much higher (*see* R&R, ECF No. 11 at PageID.94). Because the Magistrate Judge applied the correct standard to Plaintiff's preliminary injunction motion, this objection is denied.

*Objection No. 3*. Plaintiff contends that "[t]he Report and Recommendation wrongly concludes that Plaintiff will not suffer irreparable harm" (Pl.'s Objs., ECF No. 16 at PageID.142).

Plaintiff asserts that he will be irreparably harmed because the November 2023 sale "continues to create a cloud on title," and because he "faces imminent risks including credit damage, inability to refinance or sell, emotional distress, and potential improper eviction attempts" (*id.* at PageID.143). Plaintiff additionally underscores that "[l]oss of real property is presumptively irreparable" (*id.*).

The Magistrate Judge did not err. The Magistrate Judge correctly observed that it was unclear whether a foreclosure sale had occurred or will occur (R&R, ECF No. 11 at PageID.94) and identified the safeguards protecting Plaintiff from losing his property while any foreclosure sale proceeds (*id.* at PageID.95–96). The Magistrate Judge then properly concluded that without "specific facts showing that irreparable harm will occur from the foreclosure sale of [Plaintiff's] property," a preliminary injunction is not appropriate (*id.* at PageID.96). This objection is denied.

*Objection Nos. 4 & 5*. Plaintiff argues that "[t]he Report fails to adequately weigh Plaintiff's likelihood of success on the merits" (Pl.'s Objs., ECF No. 16 at PageID.143). Plaintiff also contends that "[t]he public interest strongly favors granting the injunction" (*id.*). But the Magistrate Judge correctly stated that law: "a finding that a plaintiff has not shown irreparable harm is usually fatal for a preliminary injunction" (R&R, ECF No. 11 at PageID.96). Because Plaintiff has not shown irreparable harm, the Magistrate Judge did not err by declining to evaluate the merits of Plaintiff's claims or the public interest. This objection is denied.

In sum, Plaintiff has identified no error in the Report and Recommendation. All Plaintiff's objections are therefore denied. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 16) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 11) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction (ECF No. 1-1) is DENIED.

Dated: August 27, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge